# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00185-SCT

*HINDS COUNTY BOARD OF SUPERVISORS AND*
*HINDS COUNTY CIRCUIT CLERK*

*v.*

*LILLY M. ABNIE*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/06/2005 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | E. CHARLENE STIMLEY PRIESTER |
| ATTORNEY FOR APPELLEE: | STEPHEN W. MULLINS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 07/27/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

### FACTS AND PROCEDURAL HISTORY

¶1.     On October 27, 2000, the Hinds County Circuit Court issued an Order regarding the payment of filing fees, which included the following, "each individual plaintiff in a consolidated action must pay a filing fee the same as any other plaintiff in any other action. Failure to pay a filing fee in accordance with this order may result in the dismissal of the complaint of a non-paying plaintiff."

¶2.     In 2002, 710 plaintiffs, Lilly M. Abnie, et al. (collectively "Plaintiffs") filed a consolidated action against Morton International, Inc., et al., in the Hinds County Circuit Court ("Circuit Court").[1] Pursuant to a directive by the Hinds County Circuit Clerk ("Circuit Clerk"), each individual plaintiff was required to pay a $75.00 filing fee, totaling $53,250.00. Plaintiffs were also assessed administrative costs in the amount $14,200.00. Thus, a total of $67,450.00 was paid to the Circuit Clerk.

¶3.     After removal to and remand by the United States District Court, Southern District of Mississippi, a Motion to Transfer Venue to Jackson County was granted and filed on March 10, 2004.  As a result of the transfer, Plaintiffs were required to pay an additional $41,325.00 in filing fees to the Jackson County Circuit Clerk, albeit with assurance they would be reimbursed by the Jackson County Circuit Clerk when the filing fees from Hinds County were transferred.

¶4.     In a separate proceeding, this Court issued an Order upon petition of the judges of the Fifth Circuit Court District[2] to review and approve new local rules, as proposed. On September 4, 2003, in an en banc Order, this Court approved the local rules as proposed by the Fifth Circuit District's judges, with the exception of proposed rule 4. Rule 4, if approved, would have authorized the Fifth Circuit District's circuit clerks to charge a separate filing fee to each plaintiff in a case. This Court held the Legislature established the statutory fees allowed to be charged by clerks, and "no more."  Miss. Code Ann. Section 25-7-1 and Section 25-7-13.

---

[1]The Seventh Circuit Court District is made up of Hinds County.

[2]The Fifth Circuit Court District is made up of the following counties: Grenada, Carroll, Montgomery, Attala, Webster, Choctaw and Winston.

2

Miss. Code Ann. Sect. 25-7-13 provides a filing fee for "docketing, filing, marking and registering each complaint, petition and indictment," and mandates that "the fee set forth in this paragraph shall be the total fee for all services performed by the clerk up to and including entry of judgment with respect to each complaint, petition or indictment." [3]

¶5.    On June 1, 2004, the Hinds County Circuit Court referenced this Court's September 4, 2003 Order, *re*: Fifth Circuit Court District local rules in its findings and ordered, "the filing fees of $67,450, less statutorily permitted administrative fees, if any, paid to the office of the Hinds County Circuit Clerk shall be transferred to the Circuit Court of Jackson County as soon as practicable."  The Circuit Court further ordered that "to the extent that the filing fees of $67,450 comprised excess fees that were paid into the Hinds County General Fund at the end of 2002, the Circuit Clerk of Hinds County and the Hinds County Board of Supervisors shall forthwith transfer filing fees paid in the herein case to the office of the Jackson County Circuit Clerk, as soon as practicable."[4]

¶6.    Plaintiffs furnished a copy of the transferring Plaintiffs' filing fees Order to the Circuit Clerk and the Hinds County Board of Supervisors ("Board"). Neither the Board, nor the Circuit Clerk complied with the Order.  Twenty-one days later, the plaintiffs sent a second demand to the Board and the Circuit Clerk seeking compliance with the Order and transfer of the money.

---

[3]Miss. Code Ann. Sect. 25-7-13(1)(a) sets the filing fee at $75.00 for each complaint, petition and indictment.

[4]As these proceedings were ongoing, the judges of the Seventh Circuit Court District issued an Order Rescinding the Seventh Circuit Court's Order of October 27, 2000, Requiring Filing Fees of Each Plaintiff in a Multiple or Consolidated Complaint. The Order of July 28, 2004, provided that the October 27, 2000, Order should be rescinded due to this Court's September 4, 2003, Order.

When the Board and the Circuit Clerk failed to comply with the order, the plaintiffs filed a Motion to Show Cause and for Contempt.

¶7.    The Board filed their Defenses and Response to Motion to Show Cause and for Contempt, as well as a Motion to Set Aside and/or to Clarify Order Transferring Plaintiffs' Filing Fee to the Transferee Circuit Clerk of Jackson County, Mississippi. The Board raised, inter alia, the following issues: (1) they were not given notice or an opportunity to be heard regarding the Order Transferring Plaintiffs' Filing Fees; (2) any and all filing fees collected were mandated by Order of the Circuit Court judges; (3) Hinds County processes many cases in which multiple filing fees were collected and an Order to transfer funds in this case would expose Hinds County to tremendous potential liability; (4) the Circuit Court had no jurisdiction over the parties as the case had been transferred to Jackson County; and (5) it is improper to transfer an entire filing fee after the filing of the case. The Board claimed there were over thirty entries and matters handled by the Circuit Clerk and the Order Transferring Plaintiffs' Filing Fees did not provide any consideration for the work performed by the Clerk.

¶8.    The Motion to Set Aside was denied. In its Order denying the Motion to Set Aside, the Circuit Court ordered the Circuit Clerk and the Board to refund filing fees in the amount of $53,250.00 [5] to counsel for the plaintiffs by December 31, 2004.

¶9.    On January 6, 2005, the Circuit Court issued an Order which lifted a stay and required the refund of the filing fees to counsel for Plaintiffs. The Order of January 6, 2005, provided, "the Circuit Clerk and the Hinds County Board of Supervisors shall refund to [Abnie's attorney] the total sum of $53,250.00 on or before January 28, 2005. Failure to make said refund

---

[5]The Order failed to reference the $14,200 administrative cost assessment.

4

payment as ordered will amount to contempt of court and result in sanctions of $50.00 per day until said $53,250.00 is paid in full or the assessment of 8% interest on the amount to be refunded beginning January 29, 2005."

¶10. The Board and the Circuit Clerk filed a Notice of Appeal from the Order Transferring Plaintiffs' Filing Fees and the final Order Requiring the Refund of Filing Fees. The Board and the Circuit Clerk further filed a Motion to Stay Order Requiring Refund of Filing Fees, Contempt Ruling, and Sanctions pending the outcome of their appeal. This Motion to Stay was granted by the Circuit Court and was construed by the Hinds County Circuit Court as a request for interlocutory appeal, which was also granted. The Court then granted permission for this interlocutory appeal. *See* M.R.A.P. 5.

**ISSUES**

¶11. The Plaintiffs assert the Circuit Court Order Of October 27, 2000, was contrary to state law, specifically Miss. Code Ann. Section 25-7-1 and Section 25-7-13, and "the Clerk should not be able to obtain fees contrary to state law...." Plaintiffs further argue they were overcharged for the filing of a single complaint. Additionally, they should not have been required to pay a second filing fee upon transfer of the action to Jackson County, stating in their brief, "the real issue at hand is that contrary to state law, Appellees were required to pay two filing fees . . . ." Plaintiffs present the following issue for appeal: Whether they are entitled to a refund for the overpayment of filing fees.

¶12. The Board and the Circuit Clerk argue the Circuit Court's Order requiring a refund of filing fees was issued in response to this Court's 2003 En Banc Order, which prohibited the Fifth Circuit District's clerks from charging multiple filing fees. The Board and the Circuit

5

Clerk argue this Court's 2003 Order should not apply to them, as the case sub judice was filed approximately two years before this Court issued the Order. Although the Board and the Circuit Clerk raised numerous issues in the lower court, *supra,* they present the following as their sole issue for appeal: Whether or not equity requires the ruling of this Court in its 2003 Order to be applied prospectively.

## STANDARD OF REVIEW

¶13. The matter sub judice is an interlocutory appeal from an Order Requiring the Refund of Filing Fees issued by a Hinds County Circuit Court judge. This appeal was brought pursuant to Mississippi Rule of Appellate Procedure 5(a). "A circuit judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor and his findings are safe on appeal where they are supported by substantial, credible and reasonable evidence." *City of Clinton v. Smith,* 861 So.2d 323, 326 (Miss. 2003) (citations omitted).

## ANALYSIS

### I. Whether Plaintiffs are entitled to a refund for the overpayment of filing fees

¶14. As succinctly stated by this Court's Order of September 4, 2003, the Legislature established the statutory fees allowed to be charged by clerks, and "no more." In the matter sub judice, the Circuit Clerk was not at liberty to assess and collect administrative costs and separate filing fees for each plaintiff, as it was contrary to state law, specifically Miss. Code Ann. Section 25-7-1 and Section 25-7-13. Plaintiffs were improperly and impermissibly required to pay filing fees and administrative costs in excess of the statutorily authorized amount.

6

¶15. It is the duty of this Court to abide by the intent of the Legislature, and the Legislature has spoken to this issue in Miss. Code Ann. Sects. 25-7-1 and 25-7-13.This Court, in its 2003 Order, did not change or modify the existing law, which had long been established by the Legislature. The 2003 Order and today's ruling are consistent in their application and enforcement of the right of the Legislature to establish fees for the circuit clerks of this state. Accordingly, the request of the Board to apply this Order prospectively is denied.

## CONCLUSION

¶16. Accordingly, the plaintiffs are entitled to a refund of all filing fees and administrative costs in excess of the statutorily established amounts. We affirm the portion of the Circuit Court's Order requiring a refund of the filing fees. This case is remanded to the Circuit Court for proceedings consistent with this opinion.

¶17. **AFFIRMED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., DIAZ, EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., NOT PARTICIPATING**.